CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

DAN M. KARMEL (NYBN 5151485)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7007
    FAX: (415) 436-7234
    dan.karmel@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE JULIAN TORO-MARIN, <br><br> Defendant. | NO. CR 24-00485 RFL <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Judge: Hon. Rita F. Lin <br> Sentencing Date: October 2, 2025 <br> Time: 2:00 p.m. |

## I.   INTRODUCTION

On September 5, 2024, the defendant, Jose Julian Toro-Marin, was charged by Indictment with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C), and Conspiracy to Import Cocaine, in violation of 21 U.S.C. §§ 963, 952(a) and § 960(b)(3). *See* Presentence Investigation Report ("PSR") ¶ 1. Toro-Marin was arrested on September 6, 2024, and made his initial appearance before the Honorable Alex G. Tse that same day. *Id.* ¶ 5. He has remained in custody since. *Id.* On July 17, 2025, Toro-Marin pleaded guilty to the charges in the Indictment. *Id.* ¶ 2.

The charges and convictions stem from a conspiracy spanning from February 2024 until

GOV'T SENTENCING MEM.         1
CR 24-00485 RFL

September 2024, in which Toro-Marin and others agreed to smuggle large quantities of cocaine from Colombia to the United States for distribution. For the reasons set forth below, the government recommends a sentence of 57 months' imprisonment followed by three years of supervised released.

## II.    THE CHARGED CONDUCT

The government agrees with the PSR's description of the charged conduct in this case. As noted therein, beginning in February 2024, Toro-Marin began speaking with two confidential sources in Colombia about his interest in sending kilogram quantities of cocaine to the United States. *Id.* ¶ 8. Over the next approximately six months, Toro-Marin and his associates continued to engage in the conspiracy, including through multiple in-person meetings in Colombia and California. *Id.* ¶¶ 8–26. These included a meeting in Bogotá on July 2, 2024, during which the conspirators agreed that they would attempt to send 22 kilograms of cocaine from Colombia to the United State approximately 20 days later, *id.* ¶ 13, as well as a meeting between Toro-Marin and an undercover officer (the "UC") in San Jose on July 15, 2024, during which Toro-Marin told the UC that he knew people who wanted to smuggle hundreds of kilograms of cocaine to the United States, and further stated that he was hoping the UC could help him smuggle more than 20 kilograms at a time to the United States. *Id.* ¶ 17. Ultimately, the confidential sources acquired 15 kilograms of cocaine from Toro-Marin's associates in Bogotá, with the understanding that 10 kilograms would be smuggled to the United States. *Id.* ¶¶ 22–23. On September 5, 2025, Toro-Marin met with the UC in San Jose in order to finalize the deal, at which time he was arrested.

## III.    SENTENCING GUIDELINES CALCULATIONS

The parties and Probation agree that the Sentencing Guidelines calculation for Toro-Marin's conduct is as follows:

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2D1.1(a)(5), (c)(5) – at least 5 KG but less than 15 KG of Cocaine: | | 30 |
| b. | Acceptance of Responsibility, U.S.S.G. § 3E1.1(a), (b): | | - 3 |
| c. | Zero-Point Offender Adjustment, U.S.S.G. § 4C1.1(a): | | - 2 |
| d. | Total Offense Level: | | 21 |

GOV'T SENTENCING MEM.                      2
CR 24-00485 RFL

PSR ¶¶ 36–45; Plea Agreement ¶ 7.  The PSR calculates that Toro-Marin has a criminal history score of 0, which places him in Criminal History Category ("CHC") I.  PSR ¶¶ 49–50.  The government agrees that Toro-Marin qualifies for CHC I.  A Total Offense Level of 25 for an individual in CHC I results in a Guidelines range of 57 to 71 months.  *Id.* ¶ 72.

## IV.    SENTENCING RECOMMENDATION

### A.    Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process.  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007).  The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary."  *Carty*, 520 F.3d at 991.  In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), including:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct; and

(4)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B.    Discussion of Section 3553(a) Factors

Toro-Marin has been convicted of two serious offenses.  As noted in *United States v. Ailemen,* "[w]e begin with a clear recognition that trafficking in illegal narcotics (heroin and cocaine, as here alleged), without more, causes serious harm to society."  165 F.R.D. 571, 596 (N.D. Cal. 1996).  In this case, not only did Toro-Marin partake in a conspiracy to distribute cocaine within the United States, but he endeavored to act as the critical first step of that distribution by sourcing cocaine in Colombia and smuggling it into the United States.  It is the government's position that a sentence of 57 months' imprisonment is sufficient but not greater than necessary to reflect the seriousness of Toro-Marin's

GOV'T SENTENCING MEM.                                   3
CR 24-00485 RFL

conduct.

## V. CONCLUSION

For the foregoing reasons, the government recommends that the Court sentence Toro-Marin to 57 months' imprisonment followed by three years of supervised release.

DATED: September 25, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

 /s/ Dan Karmel
DAN M. KARMEL
Assistant United States Attorney